IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
04/04/2013

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| LPB, LLC, | ) CASE NO. 12-80229-G3-11 |
| | ) |
| Debtor, | ) |
| | ) |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on confirmation of "Debtor LPB, LLC d/b/a Sleep Inn & Suite's First Amended Plan of Reorganization, Dated January 17, 2013" (Docket No. 95), as amended by the "Technical Amendment to LPB, LLC d/b/a Sleep Inn & Suite's First Amended Plan of Reorganization" (Docket No. 111). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying confirmation. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

LPB, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on April 30, 2012.

In Debtor's plan (Docket No. 95), Debtor provides for treatment of the secured claims of taxing authorities, E&S Management & Consulting, LLC, Successor In Interest to CDC

Capital, Wallis State Bank, Digital Direct Communications, and Hospitality LCD.  Debtor provides for treatment of unsecured claims of E&S Management & Consulting, LLC and Chase Bank NA.  There is no class of general unsecured claims.

The claims register reflects that the Internal Revenue Service filed a proof of claim, in the amount of $1,170, as an unsecured claim, and Choice Hotels, Ltd. filed an unsecured proof of claim in the amount of $1.00.  The Small Business Administration filed a secured proof of claim, in the amount of $1,520,000.  The plan does not provide for treatment of these claims.

## Conclusions of Law

Section 1129(a)(1) of the Bankruptcy Code requires that a confirmable plan comply with the applicable provisions of Title 11.  11 U.S.C. § 1129(a)(1).

Section 1123(a) of the Bankruptcy Code requires that the plan designate classes of claims, and specify the treatment of any class of claims that is impaired under the plan. 11 U.S.C. §§ 1123(a)(1), 1123(a)(3).

The plan must place each creditor's claim in a class, and specify the treatment of each class.  In re Save Our Springs (S.O.S.) Alliance, Inc., 632 F.3d 168 (5th Cir. 2011).

In the instant case, Debtor's plan does not provide for classification or treatment of the claims of the Internal Revenue Service, Choice Hotels, Ltd., or the Small Business

Administration.  Accordingly, the plan violates Section 1123(a) of the Bankruptcy Code, and cannot be confirmed, pursuant to Section 1129(a)(1) of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered denying confirmation of the "Debtor LPB, LLC d/b/a Sleep Inn & Suite's First Amended Plan of Reorganization, Dated January 17, 2013" (Docket No. 95), as amended by the "Technical Amendment to LPB, LLC d/b/a Sleep Inn & Suite's First Amended Plan of Reorganization" (Docket No. 111).

Signed at Houston, Texas on April 4, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE